# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>vs.<br><br>RORY MEEKS,<br><br>   Defendant. | No. 12-CR-91-LRR<br><br>**ORDER** |

_____

## *I. INTRODUCTION*

The matter before the court is the government's "Motion for Preliminary Ruling Regarding the Admissibility of Defendant's Prior Conviction for Drug Trafficking for the Purpose of Impeachment" ("Motion") (docket no. 21).

## *II. PROCEDURAL HISTORY*

On November 28, 2012, the government filed a two-count Indictment (docket no. 2) against Defendant Rory Meeks. Count 1 charges Defendant with conspiring to manufacture 100 or more marijuana plants in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846. Count 2 charges Defendant with manufacturing, attempting to manufacture, aiding and abetting the manufacture of or aiding and abetting an attempt to manufacture 100 or more marijuana plants in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846 and 18 U.S.C. § 2. The Indictment also contains a forfeiture allegation.

On February 13, 2013, the government filed the Motion, which requests that the court make a preliminary ruling that evidence of Defendant's 1987 drug-trafficking

conviction is admissible for impeachment purposes.[1]  On February 20, 2013, Defendant filed a Resistance (docket no. 22).  The Motion is fully submitted and ready for decision.

## III.  ANALYSIS

In its Brief in Support of the Motion, the government argues that evidence of Defendant's 1987 drug-trafficking conviction is admissible for impeachment purposes in the event that Defendant testifies at trial.  The government contends that, if Defendant testifies, "he will presumably testify . . . that he was not involved [in] the drug activities alleged."  Brief in Support of Motion (docket no. 21-1) at 3.  The government argues that, because such testimony "would be in direct contravention to the anticipated testimony of two government witnesses," the court should admit evidence of the 1987 conviction to aid the jury in assessing Defendant's credibility.  *Id.*  In his Brief in Support of the Resistance, Defendant argues that evidence of his 1987 conviction is not admissible for impeachment purposes "[d]ue to the age and dissimilarity between the 1987 case and the current case." Brief in Support of Resistance (docket no. 22-1) at 2.  Alternatively, Defendant "requests [that] the [c]ourt withhold ruling on this issue until such time as . . . Defendant has testified, should he so choose."  *Id*.

Under Federal Rule of Evidence 609(a)(1), evidence of a criminal defendant's conviction "for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year . . . must be admitted . . . if the probative value of the evidence outweighs its prejudicial effect."  Fed. R. Evid. 609(a)(1).  Federal Rule of

---

[1] Specifically, Defendant was convicted of two counts of aiding and abetting the distribution of cocaine (Counts 1 and 2) and one count of conspiracy to distribute cocaine (Count 3).  Judgment and Probation/Commitment Order, Government's Exhibit 1 (docket no. 21-2) at 1.  Defendant was sentenced to a ten-year term of imprisonment, which consisted of a six-year term of imprisonment on Count 1, a four-year term of imprisonment on Count 2 and a three-year term of imprisonment on Count 3, with the terms of imprisonment imposed on Counts 1 and 2 to run consecutively and the term of imprisonment imposed on Count 3 to run concurrently to the term of imprisonment imposed on Count 1.  *Id*.

Evidence 609(b), however, provides that the court must undertake a different analysis for older convictions:

> This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:
>
> (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and
>
> (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

Fed. R. Evid. 609(b) (emphasis omitted).

"Rule 609(b) effectively establishes 'a rebuttable presumption against the admissibility of prior convictions more than ten years old.'" *United States v. Stoltz*, 683 F.3d 934, 939-40 (8th Cir. 2012) (quoting *United States v. Felix*, 867 F.2d 1068, 1073 (8th Cir. 1989)). "[S]uch stale convictions 'should be admitted very rarely and only in exceptional circumstances.'" *Id.* at 940 (quoting *Felix*, 867 F.2d at 1073); *see also United States v. Jasso*, 701 F.3d 314, 317 (8th Cir. 2012) ("[A]dmissibility of a prior conviction is governed by Federal Rule of Evidence 609, under which 'convictions over 10 years old will be admitted very rarely and only in exceptional circumstances.'" (quoting Fed. R. Evid. 609 advisory committee's note on 1974 amendments). Whether such rare and exceptional circumstances exist "is a determination committed to the discretion of the district court." *United States v. Keene*, 915 F.2d 1164, 1169 (8th Cir. 1990) (quoting *Felix*, 867 F.2d at 1073) (internal quotation mark omitted); *see also United States v. Brown*, 956 F.2d 782, 787 (8th Cir. 1992) ("As with the admissibility of other evidence, the district court has broad discretion in deciding whether to admit evidence of an older conviction and its decision is reviewable only for abuse of discretion.").

In this case, the court finds it appropriate to deny the government's request for a preliminary ruling. At this time, the court does not know whether Defendant will testify.

Moreover, the court finds that, without knowing the content of Defendant's testimony, it is unable to determine whether the rare and exceptional circumstances required by Rule 609(b)(1) exist.[2] The court notes that the Motion constitutes "reasonable written notice of the intent to use" Defendant's prior conviction, as required under Rule 609(b)(2). Fed. R. Evid. 609(b)(2). Thus, in the event that Defendant testifies at trial, the government may raise this issue outside the presence of the jury after Defendant has testified on direct examination.

## IV. CONCLUSION

In light of the foregoing, the court declines to make a preliminary ruling regarding the admissibility of Defendant's 1987 drug-trafficking conviction. Accordingly, the Motion (docket no. 21) is **DENIED**.

**IT IS SO ORDERED**.

**DATED** this 21st day of February, 2013.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[2] The court notes that Rule 609(b) "applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later." Fed. R. Evid. 609(b). Neither party provided the court with any evidence of when Defendant was released from imprisonment following his 1987 conviction. Nevertheless, even if Defendant served his full ten-year sentence, more than ten years have passed since Defendant was released. Accordingly, the court agrees that Rule 609(b) applies.